1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10 | ANDRE L. REVIS, | Case No. 1:15-cv-00378 DAD DLB PC

11 | Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND,

12 | v. | FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983

13 | RALPH N. DIAZ, et al.,

14 | Defendants.

15

16 _____/

## I.    Screening Requirement and Standard

Plaintiff Andre L. Revis, a state prisoner proceeding pro se and in forma pauperis, filed an action in the Fresno County Superior Court on September 9, 2013, entitled *Revis v. Diaz, et al.*, No. 13CECG02836.  On March 6, 2015, Defendants removed the action to federal court.  On July 10, 2015, Plaintiff filed a First Amended Complaint in this Court pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.   Discussion

### A.   Plaintiff's Allegations

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff brings this action against the following Defendants: Warden Ralph Diaz; Associate Warden S. Sherman; S.H.O. Lieutenant C. Alvarez; Lieutenant B. Chapman; Lieutenant J. Ourique; Appeal Examiner D. Foston; Correctional Officer J. D. Lozano; S. Magnia; G.R. Cuevas; and R. Curiel-Rodriguez.

On March 27, 2012, Plaintiff was transferred from Corcoran State Prison to CSATF and housed in a cell with Inmate Davis, #D-64412. Plaintiff immediately informed housing unit correctional custodial staff on Second and Third Watch of the "grave incompatibility problems"

with respect to this housing assignment.  Plaintiff claims that J. Rising, Tapia, S. Magnia, G.R. Cuevas, and R. Curiel-Rodriguez disregarded Plaintiff's numerous requests for a cell move from March 27, 2012, to April 25, 2012.

On April 17, 2012, Plaintiff informed Defendant Curiel-Rodriguez that his anxiety level was headed toward homicidal-suicidal ideations and requested to be put in contact with psychologist E. McKenzie.  Defendants Cuevas and Curiel-Rodriguez notified Sgt. J. Ourique of the situation.  Ourique became very belligerent, hostile, provocative, and threatening toward Plaintiff.  Ourique did not initiate a cell move, and Plaintiff claims his reaction to Plaintiff's request only made matters worse between himself, his cellmate, other inmates, and custodial staff.

On April 18, 2012, Plaintiff wrote an inmate appeal (CDCR-602) and addressed the envelope to Warden Ralph Diaz.  On the envelope, Plaintiff wrote the words "confidential mail." On the appeal, Plaintiff wrote the words "emergency appeal."   Plaintiff claims this placed Defendants Diaz and Sherman on notice of his situation.

On May 3, 2012, Plaintiff's inmate appeal was stamped by the CSATF appeal coordinator as not warranting emergency status processing.  It was assigned as a staff complaint on May 9, 2012.

Plaintiff remained in his current cell with Inmate Davis until April 25, 2012, when Plaintiff physically removed himself and his personal property from the cell and informed Correctional Officer Gosnami that he could not take the housing arrangement any longer.  Defendant Cuevas told Plaintiff to lock himself into the housing unit shower until appropriate housing could be located.

On May 25, 2012, Plaintiff received a CDCR Rules Violation Report ("RVR") apparently for his actions in removing himself from his cell.  Plaintiff complains that he wasn't given an investigative employee in violation of his due process rights.  He claims his mental health assessment was totally disregarded by Lieutenant Marsh and Defendant S.H.O. Alvarez.  Plaintiff complains that the entire administrative body conspired to rubber-stamp the RVR.  Plaintiff was found guilty of the RVR and was given notice of the decision on May 31, 2012.

On May 26, 2012, Plaintiff was referred to the prison facility crisis bed center for

1  observation.  He was seen by Dr. Eric Lanes for suicidal/homicidal risk assessment/evaluation.

2  Plaintiff states he had submitted a health care services request form on May 10, 2012.  He is also a

3  participant in the M.H.S.D. at the C.C.C.M.S. level of care.

4       Plaintiff faults Defendants Diaz and Sherman for disregarding Plaintiff's health, safety,

5  and welfare in violation of the Eighth and Fourteenth Amendments.  He alleges that a reasonable

6  warden or associate warden would have responded to his housing arrangement complaints.  He

7  claims the failures of Defendants Diaz, Sherman, Foston, Lozano, Chapman, Alvarez, Marsh,

8  Ourique, Magnia, Cuevas, and Curiel-Rodriguez resulted in Plaintiff suffering sleep deprivation,

9  anxiety, bipolar depression, and emotional distress.  Plaintiff contends that Defendants were

10  deliberately indifferent to his situation, and their actions did not reasonably advance any legitimate

11  correctional interest, purpose, or goal.

12       Plaintiff requests an award of compensatory damages against Defendants in the amount of

13  $250,000.00 or an amount determined by a jury.

14       **B.    Linkage**

15       Under section 1983, Plaintiff must link the named defendants to the participation in the

16  violation at issue.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009);

17  *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of*

18  *Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.

19  2002).  Liability may not be imposed under a theory of *respondeat superior*, and some causal

20  connection between the conduct of each named defendant and the violation at issue must exist.

21  *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-

22  75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc);

23  *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

24       In this case, Plaintiff fails to link Defendants Chapman, Foston, or Lozano to any alleged

25  constitutional violation.  To state a claim, Plaintiff must demonstrate that the defendant personally

26  participated in the deprivation of his rights.  *Iqbal*, 556 U.S. at 676-77; *Simmons*, 609 F.3d at

27  1020-21.  In addition, Plaintiff fails to state a claim against Defendants Diaz and Sherman.  He

28  does not point to any instance where Diaz or Sherman personally participated in the deprivation of

4

his rights.  Plaintiff states he addressed an envelope to Warden Diaz, but there is no indication that Diaz ever received the envelope.  In fact, Plaintiff states that the envelope was routed instead as a routine staff complaint.

For the above reasons, Plaintiff fails to state a claim against Defendants Chapman, Foston, Lozano, Diaz and Sherman.

## C.    Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds, Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

First, Plaintiff fails to state a serious medical need.  There are no allegations of any condition which, if left untreated, would cause further significant injury or unnecessary and wanton infliction of pain.  Plaintiff alleges he was dissatisfied with his housing arrangement, but this does not constitute a serious medical need.  Plaintiff also claims he suffered from suicidal and homicidal ideations, but he admits he was seen by a psychologist and referred to the prison facility crisis bed center for evaluation and observation.

Plaintiff has therefore failed to state a deliberate indifference claim against any Defendant.

1      **D.     Conditions of Confinement**

2      It is well established that a prison official's deliberate indifference to a substantial risk of

3  serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth

4  Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828–29, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994);

5  *Helling v. McKinney*, 509 U.S. 25, 31–32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). "It is not,

6  however, every injury suffered by one prisoner at the hands of another that translates into

7  constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at

8  834.   There are objective and subjective requirements which must be met to prevail on such an

9  Eighth Amendment claim.   First, for the objective requirement, "the inmate must show that he is

10  incarcerated under conditions posing a substantial risk of serious harm." *Id*.   Second, the prison

11  official must have a sufficiently culpable state of mind. *See id*.   Here, the state of mind is one of

12  deliberate indifference. *See id*.   A prison official who knows of and disregards an excessive risk to

13  an inmate's health or safety demonstrates deliberate indifference. *See id*. at 837.   Thus, "the

14  official must both be aware of facts from which the inference could be drawn that a substantial

15  risk of serious harm exists, and he must also draw that inference." *Id*.   However, an official who

16  knows of a substantial risk to an inmate's health or safety but acts reasonably under the

17  circumstances will not be held liable under the cruel and unusual punishment clause, even if the

18  threatened harm results. *See id*. at 843.

19      Plaintiff's allegations that he informed Defendants Rising, Tapia, Magnia, Cuevas, Curiel-

20  Rodriguez, and Ourique that he was not getting along with his cellmate is insufficient to

21  demonstrate a substantial risk of harm to plaintiff.   Indeed, other than some verbal altercations,

22  there are no allegations that Plaintiff was at serious risk of harm, and in fact, no harm occurred.

23  Plaintiff's discomfort with his housing arrangement does not rise to the level of a constitutional

24  violation.   *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).   Moreover, Plaintiff fails to

25  demonstrate that any defendant knew of and disregarded an excessive risk to Plaintiff's health and

26  safety.

27      **E.     Rules Violation Report**

28      Plaintiff also raises several complaints concerning the Rules Violation Report issued May

6

1    25, 2012, apparently for his actions in moving out of his cell.

2         "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

3    panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418

4    U.S. 539, 556, 94 S.Ct. 2963 (1974).   With respect to prison disciplinary proceedings, the

5    minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at

6    least 24 hours between the time the prisoner receives written notice and the time of the hearing, so

7    that the prisoner may prepare his defense; (3) a written statement by the fact finders of the

8    evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call

9    witnesses in his defense, when permitting him to do so would not be unduly hazardous to

10   institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner

11   is illiterate or the issues presented are legally complex.  *Id*. at 563-71.  As long as the five

12   minimum *Wolff* requirements are met, due process has been satisfied.  *Walker v. Sumner*, 14 F.3d

13   1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472

14   (1995).

15        Here, Plaintiff concedes he was given advance written notice of the charges and a written

16   statement by the factfinders of the evidence relied on and their decision.  There is no indication

17   that Plaintiff was deprived of any of his due process rights.  He complains that he was not given an

18   investigative employee, but this is insufficient to state a claim.  He also disagrees with the decision

19   and the evidence relied upon by the factfinder, but this too is insufficient to state a claim.

20        **F.      Appeal Process**

21        Plaintiff also raises claims concerning the handling of his CDCR-602 inmate appeal.  "The

22   Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty,

23   or property; and those who seek to invoke its procedural protection must establish that one of

24   these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).

25   Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he

26   cannot pursue a claim for denial of due process with respect to the handling or resolution of his

27   appeals. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d

28   639, 640 (9th Cir. 1988)).

### III.    Conclusion and Order

For the reasons set forth above, Plaintiff's complaint fails to state any cognizable claims under section 1983.  Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint, not to exceed twenty-five (25) pages, excluding exhibits; and

///

///

///

///

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 17, 2016**                    /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE