# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. REVIS, | Case No. 1:15-cv-00378-DAD-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| RALPH DIAZ, et al., | (ECF No. 13) |
| Defendants. | FOURTEEN-DAY DEADLINE |

**<u>Findings and Recommendations</u>**

Plaintiff Andre L. Revis, a state prisoner proceeding pro se, filed an action in the Fresno County Superior Court on September 9, 2013, entitled *Revis v. Diaz, et al.*, No. 13CECG02836. On March 6, 2015, Defendant Ourique removed the action to federal court. On June 17, 2016, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 12.) Plaintiff's second amended complaint, filed on July 11, 2016, is currently before the Court for screening.

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. §

1

1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Allegations in Second Amended Complaint

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff brings this action against the following Defendants: Warden Ralph Diaz; Associate Warden S. Sherman; Lieutenant C. Alvarez; Lieutenant B. Chapman; Sergeant J. Ourique; Appeal Coordinator D. Foston; Appeal Coordinator J. D. Lozano; Correctional Officer S. Magnia; Correctional Officer G.R. Cuevas; and Correctional Officer R. Curiel-Rodriguez.

2

| | |
|---|---|
| 1 | On March 27, 2012, Plaintiff was transferred from Corcoran State Prison to CSATF and housed in a cell with Inmate Davis, #D-64412. Plaintiff immediately informed housing unit correctional custodial staff on Second and Third Watch of the "grave incompatibility problems" with respect to this housing assignment. Plaintiff claims that J. Rising and Tapia, second watch custody staff, and S. Magnia, G.R. Cuevas, and R. Curiel-Rodriguez, third watch custody staff, disregarded Plaintiff's numerous requests for a cell move from March 27, 2012, to April 25, 2012. |

On March 27, 2012, Plaintiff was transferred from Corcoran State Prison to CSATF and housed in a cell with Inmate Davis, #D-64412. Plaintiff immediately informed housing unit correctional custodial staff on Second and Third Watch of the "grave incompatibility problems" with respect to this housing assignment. Plaintiff claims that J. Rising and Tapia, second watch custody staff, and S. Magnia, G.R. Cuevas, and R. Curiel-Rodriguez, third watch custody staff, disregarded Plaintiff's numerous requests for a cell move from March 27, 2012, to April 25, 2012.

On April 17, 2012, Plaintiff informed Defendant Curiel-Rodriguez that his anxiety level was headed toward homicidal-suicidal ideations and requested to be put in contact with a mental health clinician. Defendants Cuevas and Curiel-Rodriguez summoned Sergeant J. Ourique of the situation, who responded to Plaintiff's cell. Sergeant Ourique became very belligerent, hostile, and provocative toward Plaintiff. Sergeant Ourique did not initiate a cell move, and Plaintiff claims his reaction to Plaintiff's request only agitated the situation and encouraged more problems with his living conditions and custodial staff.

On April 18, 2012, Plaintiff wrote an inmate appeal (CDCR-602) and addressed the envelope to Warden Ralph Diaz. On the envelope, Plaintiff wrote the words "confidential mail." On the appeal, Plaintiff wrote the words "emergency appeal." Plaintiff claims this placed Defendants Diaz and Sherman on notice of his situation.

On May 3, 2012, Plaintiff's inmate appeal was stamped by the CSATF appeal coordinator as not warranting emergency status processing. It was assigned as a staff complaint on May 9, 2012.

Plaintiff remained in his cell with Inmate Davis until April 25, 2012, when Plaintiff physically removed himself and his personal property from the cell and informed Correctional Officer Gosnami that he could not take the housing arrangement any longer. Defendant Cuevas told Plaintiff to lock himself into the housing unit shower until appropriate housing could be located.

On May 25, 2012, Plaintiff received a CDCR Rules Violation Report ("RVR") apparently for his actions in removing himself from his cell. Plaintiff complains that he was never provided

or assigned an investigative employee in violation of his due process rights. He claims his mental health assessment was totally disregarded by Lieutenant Marsh and Defendant Alvarez. Plaintiff complains that the entire administrative body conspired to rubber-stamp the RVR. Plaintiff was found guilty, and on May 31, 2012, he received the RVR penalties/punishment.

After submitting a HealthCare Services Request Form, CDC 7362, on May 10, 2012, requesting to be put in touch with his "psych contact." (ECF No. 13 at p. 12.) Plaintiff was referred to the prison facility crisis bed center for observation. He was seen by Dr. Eric Lanes for suicidal/homicidal risk assessment/evaluation.

Plaintiff faults Defendants Diaz and Sherman for disregarding Plaintiff's health, safety, and welfare in violation of the Eighth and Fourteenth Amendments. He alleges that a reasonable warden or associate warden would have responded to his housing arrangement complaints. He claims the failures of Defendants Diaz, Sherman, Foston, Lozano, Chapman, Alvarez, Marsh, Ourique, Magnia, Cuevas, and Curiel-Rodriguez resulted in Plaintiff suffering sleep deprivation, anxiety, bipolar depression, and emotional distress. Plaintiff contends that Defendants were deliberately indifferent to his situation, and their actions did not reasonably advance any legitimate correctional interest, purpose, or goal.

Plaintiff requests an award of compensatory damages against Defendants in the amount of $250,000.00 or an amount determined by a jury. Plaintiff also requests return of his property and single cell housing status.

**III. Discussion**

  **A. Linkage Requirement**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of respondeat superior, and some causal connection between the conduct of each named defendant and the violation at issue must exist. *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d

896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Here, Plaintiff fails to link Defendants Chapman, Foston, or Lozano to any alleged constitutional violation. To state a claim, Plaintiff must demonstrate that the defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77; *Simmons*, 609 F.3d at 1020-21. In addition, Plaintiff fails to link Defendants Diaz and Sherman to a constitutional violation. Plaintiff does not point to any instance where Defendants Diaz or Sherman personally participated in the deprivation of his rights. Although Plaintiff states he addressed an envelope to Warden Diaz, there is no indication that Defendant Diaz ever received the envelope. In fact, Plaintiff admits that the envelope instead was routed as a routine staff complaint.

For these reasons, Plaintiff fails to state a claim against Defendants Chapman, Foston, Lozano, Diaz and Sherman. Despite being provided with the relevant standard, Plaintiff has been unable to cure this deficiency.

**B. Medical Care**

Plaintiff appears to allege a claim for deliberate indifference to his mental health needs in relation to his housing assignment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." *Id.* at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The indifference must be substantial, and "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer v. Brennan*, 511 U.S. 825, (1994).

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs. Although Plaintiff alleges dissatisfaction with his housing assignment, this does not constitute a serious medical need. Plaintiff also alleges that he suffered from suicidal and homicidal ideations resulting from his housing assignment, however, Plaintiff admits that he was seen by a psychologist and was referred to the prison facility crisis bed center for evaluation and observation. Plaintiff therefore fails to state a cognizable deliberate indifference claim against any of the named defendants.

### C. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041. 1045 (9th Cir. 2006.) Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer, 511 U.S. at 832-33. Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833-34 (quotation marks omitted); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate. It is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841 (quotations omitted); *Clem*, 566 F.3d at 1181, *Hearns*, 413 F.3d at 1040.

Plaintiff's allegations that he informed certain defendants that he had grave incompatibility problems with respect to this housing assignment are not sufficient to

6

demonstrate a substantial risk of harm to Plaintiff. Indeed, there are no allegations in Plaintiff's complaint suggesting that he was at risk of serious harm from his cellmate, and in fact, no harm from his cellmate occurred. Plaintiff's discomfort with his housing arrangement does not rise to the level of a constitutional violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (finding deprivations alleged were not sufficiently serious to violate the Eighth Amendment). Despite being provided with the relevant legal standard, Plaintiff has been unable to cure these deficiencies.

### D. Rules Violation Report

Plaintiff also raises several complaints concerning the Rules Violation Report issued May 25, 2012, apparently for his actions in moving out of his cell.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

There is no indication that Plaintiff was deprived of any of his due process rights. Although Plaintiff complains that he was not given an investigative employee, this is insufficient to state a claim. *Simmons v. Atkins*, No. 116CV01447BAMPC, 2017 WL 2868473, at *5 (E.D. Cal. July 5, 2017) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("To the extent Plaintiff is dissatisfied with the outcome or adequacy of [a disciplinary] investigation, that is not a basis for a plausible due process claim."). Additionally, Plaintiff's general disagreement with

the decision is insufficient to state a claim. Plaintiff has been unable to cure these deficiencies.

### E. Appeal Process

Plaintiff also appears to raise issues regarding the processing and handling of his CDCR-602 inmate appeal. Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

### III. Conclusion and Recommendation

For the reasons set forth above, Plaintiff's complaint fails to state a cognizable claim under section 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his claims, and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED, pursuant to 28 U.S.C. § 1915A(b)(1), based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 31, 2017**     /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE